IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT DALE KNOOP, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0086 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On October 6, 2014, petitioner filed, with the United States District Court for the Western District of Louisiana, Shreveport Division, a cover letter with a 27-page packet of various pleadings, correspondence, court documents, and case law. The Louisiana court filed petitioner's submission as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Construing petitioner's pleadings as challenging his 2002 state court DWI conviction and 15-year sentence out of the 31st Judicial District Court of Hemphill County, Texas, the Louisiana court, on March 17, 2015, transferred petitioner's case to this Court. Petitioner submitted several additional pleadings, including a document entitled "Writ of Habeas Corpus art. 2254," after receiving notice of the transfer to this Court.

On May 29, 2015, this Court ordered petitioner to submit an amended habeas application on the form petition utilized by this district. On June 22, 2015, petitioner submitted his Amended

Petition on the requisite form.

On June 23, 2015, construing petitioner's claims as a challenge to his state court conviction and noting petitioner had previously been denied federal habeas corpus relief with regard to this same conviction,[1] petitioner's case was transferred to the Fifth Circuit Court of Appeals as an unauthorized successive writ. On August 7, 2015, the Fifth Circuit entered an Order denying petitioner authorization to file a successive writ to the extent his habeas application challenged his 2002 DWI conviction and 15-year sentence. The appellate court noted, however, that petitioner also raised issues "related to parole" in his habeas application, *viz.*:

> [T]hat there is false evidence in his file that he was convicted of second degree sexual assault in Michigan and that, as part of the parole process, he is wrongly being required to register as a sex offender and undergo related therapy.[2]

The appellate court found petitioner's "parole documents show that he could not have known all of the facts necessary to raise these claims in his prior habeas application" and, therefore, his habeas "application as to these issues [was] not successive" and authorization to present those claims was unnecessary. The case was remanded to this Court for consideration **of those issues**. The remand did not authorize this Court to consider petitioner's challenges to his 2002 DWI conviction.

On November 9, 2015, petitioner was ordered to file a "Second Amended Petition for a Writ of Habeas Corpus" asserting **only** the issue that involved his claim relating to there being "false evidence in his file that he was convicted of second degree sexual assault in Michigan and that, as part of the parole process, he is wrongly being required to register as a sex offender and undergo related therapy." Petitioner was directed to briefly state the facts supporting **only** this issue, and to be specific

---

[1] *See Knoop v. Dretke*, No. 2:05-CV-0201 (July 28, 2008).

[2] Petitioner has submitted Adjustment Statements of the Texas Department of Criminal Justice dated November 14, 2013 and April 7, 2014 which reflect "4/83 Sexual Assault 15 years Michigan DOC" in the Section entitled "Criminal History (Prior)." Petitioner has also submitted his Certificate of Parole issued January 14, 2008 which lists, as a Statutorily Mandated Condition, that petitioner register as a sex offender.

in identifying the relief he was seeking. Petitioner was also instructed to address the following:

1. You appear to be seeking to correct a statement in your parole division file identifying your prior criminal history as including a "4/83 Sexual Assault" resulting in a 15-year sentence in the Michigan Department of Corrections. If correction of this statement would result in your earlier release from confinement, how would it do so?

2. Would correction of the statement result in the removal of the special condition that you participate in a sex offender program or would you still be required to participate in a sex offender program as a result of the corrected statement?

3. Are you currently required to participate in a sex offender program while confined in the correctional institution? If so, is it because of this alleged prior conviction?

4. Have you lost previously accrued good time credits or has a previous release to parole been revoked solely because of a failure to participate in a sex offender program?

5. Have you been denied release to parole based upon the challenged statement in your prior criminal history?

Petitioner was warned that failure to timely comply with the Court's order could result in dismissal of this case.

On November 24, 2015, petitioner submitted his second amended petition indicating, by simply checking all boxes provided on the form, that he was challenging not only a judgment of conviction, but also a parole revocation, a disciplinary proceeding and "Other: false documents in file."[3] As grounds, petitioner asserted (1) prosecutorial misconduct (alleging the state district attorney placed false documents in his "file" to the effect that he was convicted of 2nd degree sexual assault in Michigan in 1983); (2) miscarriage of justice (alleging the false documents in his "file" deprived him

---

[3]Petitioner did not identify the date and location of any parole revocation, instead stating only that he was "found not guilty by a jury in Gray County for public intoxication and [was] still revoked as [he] argued with the Parole Officer" and referencing that he did not learn of any claims "until the parole revocation hearing." Nor did petitioner identify or elaborate on any disciplinary charges he may have received while in prison.

of "liberty rights" because he is not allowed to have contact with the purported victim, the mother of his children); (3) denial of due process (appearing to allege the purported victim and the Michigan court had verified petitioner does not have a conviction for 2nd degree sexual assault); and (4) *ex post facto* clause violations (alleging false documents in his file has resulted in petitioner facing a harsher punishment). Critically, petitioner did not address any of the issues the Court specifically instructed him to address in the November 9, 2015 Order. The only relief petitioner requested in this Second Amended Petition was the removal of all documents from his files that reference an April 1983 2nd degree sexual assault conviction, expungement of any records referencing such a conviction, and notice to the Texas Board of Pardons and Paroles that petitioner does not have such a conviction.

On December 23, 2006, petitioner was ordered to show cause why this case should not be dismissed for the following reasons:

1. Petitioner's failure to address the listed questions specifically set forth in the Court's November 9, 2015 Order to Submit Second Amended Petition in direct disregard of that Order; and

2. If petitioner is alleging false or incorrect documents have been placed in his file maintained by the Texas Board of Pardons and Paroles, and the only relief petitioner is seeking is an order from this Court to the Texas Board of Pardons and Paroles to remove various documents or notations from that file, then the relief petitioner seeks does not appear appropriate in a habeas corpus proceeding as he does not directly challenge the lawfulness, or implicate the invalidity, of his conviction or sentence. Not only would petitioner not be seeking immediate or earlier release from confinement by his petition, a favorable determination would not automatically entitle petitioner to accelerated release or inevitably affect the duration of his sentence as required for habeas relief.

   Title 42 U.S.C. § 1983 is the appropriate legal vehicle to lodge complaints about unconstitutional conditions of confinement, prison procedures, or parole procedures. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A claim that has an indirect impact on whether a prisoner eventually receives parole is cognizable under section 1983 if his claim merely enhances eligibility for accelerated release. For example, a claim seeking to have a record corrected so that the Board will be aware of an inmate's correct offender status when considering his future requests for parole, if successful, would merely result in a new parole hearing during which

> the correct information would be considered. *See Sinclair v. Ward*, 205 F.3d 1338 (5th Cir. 1999). Because a successful resolution of such a claim would only enhance eligibility for an accelerated release, such a claim is properly brought under section 1983.

Petitioner was warned that failure to timely comply with the Order might result in dismissal of this case.

On January 10, 2017, petitioner filed a response to the Order to Show Cause. In his response, petitioner again primarily asserts challenges to his conviction which have already been adjudicated, and which claims the Fifth Circuit has denied petitioner permission to assert in a successive petition. Challenges to petitioner's DWI conviction and 15-year sentence are **not** a part of this case. Petitioner has now twice failed to provide the information specifically ordered by the Court with regard to his claims of false statements in his prison and/or parole file and the effect of such statements. Petitioner's failure to comply with Court orders, in and of itself, is grounds for dismissal of this proceeding. However, petitioner's failure to provide the ordered and necessary information has also prevented this Court from determining whether the "4/83 Sexual Assault 15 years Michigan DOC" notation in the 2013 and 2014 Parole Division Adjustment Statements resulted, in any way, in petitioner's classification as a sex offender (petitioner's parole in 2008 was conditioned upon his registration as a sex offender), or whether petitioner's parole has been revoked, or he had been denied release to parole, as a result of the statements at issue. Even assuming for purposes of argument that petitioner's challenges are properly raised as habeas claims, petitioner's failure to provide information with regard to these issues also prevents this Court from determining the timeliness of petitioner's claims or whether such claims were properly exhausted.

More importantly, however, petitioner has failed to show how a correction to or removal of the statements reflected in the adjustment statements would entitle him to immediate or accelerated

release as required for federal habeas corpus relief to be granted. Petitioner seeks only the removal of the notations from his parole file and does not challenge the lawfulness, or implicate the invalidity, of his conviction or sentence. Such relief is properly brought under 42 U.S.C. § 1983 rather than by habeas corpus. For these reasons, this habeas application should be dismissed.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT DALE KNOOP, JR. be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _20th_ day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).